(No. 90-CC-2182– )

DE EDWARD LANG, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1992.*

MITCHELL & ALLEN, for Claimant.

ROLAND W. BURRIS, Attorney General (PAUL CARLSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

On March 12, 1988, at approximately 2:30 p.m., there occurred a motor vehicle accident at the intersection of 25th Street and Martin Luther King Drive in the City of Chicago. The accident occurred between vehicles operated by State Police Officer Kyron St. Clair and De Edward Lang, the Claimant.

The exit off Interstate 55, also known as the Stevenson Expressway, to Martin Luther King Drive feeds into 25th Street and during this time frame was the site of construction because of work on the Dan Ryan and Stevenson Expressways in the City of Chicago. According to the evidence presented, Officer St. Clair and another officer riding as a passenger in St. Clair's vehicle had just exited the Stevenson Expressway and were attempting to

park their vehicle in a safety zone area of Martin Luther King Drive. Their purpose was to observe vehicles coming off the Stevenson Expressway and onto 25th Street. Specifically, the State Police were there to prevent people from making a left-hand turn off 25th Street and onto Martin Luther King Drive to proceed northbound. There was clearly posted a "No Left Turn" sign at that location and there were barricades erected in such a way as to funnel the turning traffic in a southerly direction on Martin Luther King Drive. Officer St. Clair, called as a witness by the Claimant, admitted that he violated the very same traffic law which he was attempting to enforce by his presence at that location. The State Police had knowledge that a number of accidents had occurred in that location by virtue of the fact that motorists were exiting 25th Street and making a northbound turn onto Martin Luther King Drive. For whatever reason, this maneuver was dangerous and had caused a number of accidents at that intersection. Officer St. Clair was sent to the location to prevent that problem and ended up being a statistic of the intersection because he violated the no left turn sign.

The intersection is controlled by traffic control devices and there is an issue of fact as to the color of the lights for the respective parties. The Claimant, a Chicago police officer, claims he had the right-of-way and had the green light as he proceeded southbound on Martin Luther King Drive. Officer St. Clair testified that he thought he had the green light at the time he proceeded across Martin Luther King Drive to make the illegal turn. In addition, Trooper Joiner, the passenger in St. Clair's vehicle, testified that while he did not recall how the accident happened, he did believe the light was green for the vehicle of the State trooper. In addition, the State called Sgt. George Michael, the supervisor on duty at the time

who investigated the accident. He noted the skid marks and calculated the speed of the Claimant's vehicle as being in excess of the speed limit. However, Sgt. Michael also indicated that Officer St. Clair had told him St. Clair was making a right-hand turn to go south on Martin Luther King Drive. Physical evidence presented included certain photographs of the location. Because of the construction and the configuration of the intersection, it was difficult for either party to see the vehicle with which it would eventually come into contact until immediately before the impact. There were cement walls approximately six- to seven-feet high running in the southbound lanes on Martin Luther King Drive which prevented both the Claimant and the occupants of the State vehicle from seeing each other. It is the opinion of the Court that the State Police vehicle pulled into the intersection because the trooper could not see any vehicles coming in the southerly direction and did so against the traffic light, therefore failing to yield the right-of-way to the Claimant's vehicle.

Claimant introduced evidence of property damage to his vehicle of $400 which was paid by Claimant. Claimant received medical care as a result of his neck and back injuries incurred in the accident. Paid medical bills in the amount of $1,428 were admitted into evidence. Claimant also lost two weeks pay in the amount of $1,350. Claimant continued to have headaches and pain associated with his injuries for about one year following the accident.

Wherefore, Claimant is awarded $4,500 in full satisfaction of this claim.